ORIGINAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RECEIVED IN PRO SE OFFICE
SEP 03 2026

Daryl James, Plaintiff,

v.

Beneficial State Bank, Defendant.

Civil Action No. 1:26-cv-05459

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., including 15 U.S.C. § 1681s-2(b).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and injuries giving rise to Plaintiff's claims occurred in this District, and Plaintiff resides in this District.

3. Plaintiff Daryl James is a natural person and consumer. Defendant Beneficial State Bank furnished information concerning an alleged consumer account to one or more consumer reporting agencies.

4. This action is brought solely against Beneficial State Bank. Aspiration Zero did not furnish the tradeline under its name and is not a defendant. References to Aspiration Zero concern only the credit-card program through which the alleged account was reportedly offered or administered and the formation, servicing, migration, transfer, and account-level records associated with that program.

5. Plaintiff does not admit the existence, validity, ownership, accuracy, or enforceability of the alleged account. Any references to the account are based solely upon information furnished, reported, verified, or otherwise attributed to Plaintiff by Defendant and the consumer reporting agencies.

6. Defendant reports that an alleged Aspiration Zero credit-card account issued or sponsored by Beneficial State Bank was opened in or about January 2022. Defendant has not produced the contemporaneous application, identity-verification records, account agreement, electronic-assent records, or other account-level documentation establishing the identity information used at formation or the basis for attributing the alleged account to Plaintiff.

7. During the alleged account's formation, maintenance, reporting, and dispute periods, Plaintiff's consumer file contained materially inconsistent identity information, including conflicting names, Social Security number information, addresses, and other personal identifiers.

REC'D IN PRO SE OFFICE
SEP 3 '26 AM9:55

8. These documented inconsistencies placed the alleged account's formation, identity attribution, accuracy, completeness, ownership, transfer history, and verifiability directly at issue.

9. Plaintiff disputed the alleged account through one or more consumer reporting agencies on numerous occasions. The disputes challenged, among other matters, the account's identity attribution, formation, ownership, balance, payment history, charge-off status, transfer history, accuracy, completeness, and verifiability.

10. The alleged account was offered or administered through the Aspiration Zero credit-card program. Records created, received, maintained, transferred, or relied upon through that program, including application, identity-verification, electronic-assent, servicing, account-history, closure, migration, and transfer records, are material to Defendant's formation, furnishing, and dispute-investigation duties.

11. Defendant received notice of Plaintiff's disputes and was required to conduct a reasonable investigation addressing the nature and substance of the information disputed.

12. Defendant nevertheless continued to furnish or verify the alleged account without identifying contemporaneous account-level records establishing the identity information used at formation, the basis for attributing the account to Plaintiff, the integrity and custody of the records relied upon, or the accuracy and completeness of the information furnished.

13. Defendant could not satisfy its investigation duties merely by relying upon information inherited from a fintech platform, program manager, servicer, or prior system of record without reasonably examining whether the underlying account-level records accurately connected Plaintiff to the alleged account.

14. Defendant's repeated investigations and verifications failed to resolve the conflicting identity information, formation deficiencies, account attribution, transfer history, record custody, and other material issues presented by Plaintiff's disputes.

15. Defendant failed to identify the information it received from the consumer reporting agencies, the records it examined, the verification or certification it returned, the independent evaluation it performed, or the factual and procedural basis for continuing to furnish the alleged account.

16. After numerous disputes and repeated continued furnishing or verification, the alleged Beneficial State Bank tradeline was subsequently deleted from Plaintiff's consumer report.

17. Defendant has not identified any new contemporaneous formation record, account-level document, identity-verification record, or other factual change explaining why the tradeline was repeatedly verified or maintained and later deleted.

18. Plaintiff's claims encompass Defendant's account-formation and identity-attribution procedures; the accuracy, completeness, and verifiability of its furnishing; its dispute-investigation and verification procedures; the integrity, transfer, migration, and custody of the records relied upon; its repeated continued furnishing; the tradeline's subsequent deletion; and the resulting harm.

19. Plaintiff's claims are supported by consumer-file disclosures, identity records, dispute correspondence, reinvestigation results, tradeline histories, account reporting, deletion records, and Defendant's formation, furnishing, investigation, verification, transfer, migration, and record-custody materials.

20. Plaintiff initiated consumer arbitration against Defendant before the American Arbitration Association ("AAA"), which assigned Case No. 01-26-0003-7428, Daryl James v. Beneficial State Bank.

21. By letter dated July 21, 2026, AAA requested the required administrative fees from Defendant.

22. Defendant failed to pay the requested administrative fees.

23. On August 21, 2026, AAA administratively closed the arbitration pursuant to California Code of Civil Procedure § 1281.97 and expressly stated that, under Rule R-10(b) of the AAA Consumer Arbitration Rules, either party may submit the dispute to an appropriate court for resolution. A copy of AAA's closure letter is attached as Exhibit A.

24. Plaintiff commenced this action after complying with the required arbitration process and after Defendant's nonpayment caused the agreed arbitral forum to close the proceeding.

**COUNT I - FCRA**

**15 U.S.C. §§ 1681i(a)(2) and 1681s-2(b)**

25. Plaintiff repeats and incorporates by reference each preceding allegation as though fully stated herein.

26. Plaintiff disputed the alleged Beneficial State Bank tradeline through one or more consumer reporting agencies on numerous occasions.

27. Pursuant to 15 U.S.C. § 1681i(a)(2), the consumer reporting agencies transmitted notice of Plaintiff's disputes and all relevant information concerning those disputes to Defendant, thereby triggering Defendant's

duties under 15 U.S.C. § 1681s-2(b).

28. Defendant was required to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, report the results of its investigation, and correct, delete, or permanently block information found to be inaccurate, incomplete, or unverifiable. Defendant failed to satisfy those duties by failing to reasonably address the substance of Plaintiff's disputes or examine contemporaneous account-level records establishing the identity information used at formation and the basis for attributing the alleged account to Plaintiff.

29. Plaintiff's disputes placed Defendant on notice that the alleged account's identity attribution, formation, ownership, balance, payment history, charge-off status, transfer history, accuracy, completeness, and verifiability were disputed.

30. Defendant continued to furnish or verify the disputed tradeline despite unresolved identity inconsistencies, formation deficiencies, account-attribution issues, transfer and record-custody questions, and the absence of reliable substantiation responsive to Plaintiff's disputes.

31. Defendant's repeated verification or continued furnishing of the disputed tradeline, followed by its subsequent deletion, demonstrates the inadequacy of Defendant's investigations and its failure to correct or delete information that could not be reliably verified.

32. Defendant's noncompliance was negligent and, based upon repeated notice and continued conduct, willful or reckless within the meaning of 15 U.S.C. §§ 1681n and 1681o.

33. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual and legally cognizable harm, including damage to creditworthiness, lost credit opportunities, adverse credit decisions or terms, time and expense spent addressing the reporting, frustration, and emotional distress.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in his favor and award:

a. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o, including compensation for:

   i. Damage to Plaintiff's creditworthiness and credit reputation;

   ii. Lost credit opportunities and adverse credit decisions or terms;

   iii. Time, expense, and out-of-pocket costs incurred investigating, disputing, and correcting the reporting; and

   iv. Anxiety, frustration, mental anguish, emotional distress, and loss of peace of mind caused by Defendant's conduct.

b. Statutory damages for willful noncompliance pursuant to 15 U.S.C. § 1681n;

c. Punitive damages for willful or reckless noncompliance pursuant to 15 U.S.C. § 1681n;

d. Total damages in the amount of $100,000;

e. Costs of this action;

f. Prejudgment and post-judgment interest to the extent permitted by law;

g. Declaratory and other appropriate relief concerning Defendant's violations to the extent available; and

h. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Daryl James, Plaintiff Pro Se
140-12 243rd Street
Rosedale, New York 11422
Telephone: (347) 223-7542
Email: daryljamess94@gmail.com

# EXHIBIT A

AAA Administrative Closure Letter dated August 21, 2026

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

120 Broadway
Floor 21 – Intake
New York, NY 10271

August 21, 2026

Daryl James
140-12 243rd Street
Rosedale, NY 11422
Via Email to: Daryljames94@gmail.com

Beneficial State Bank
P.O. Box 2900
Porterville, CA 93258
Via Mail

Case Number: **01-26-0003-7428**

Daryl James
-vs-
Beneficial State Bank

Dear Parties:

The American Arbitration Association (AAA) has not received the requested administrative fees from the business requested in our letter dated July 21, 2026. **Accordingly, and pursuant to California Code of Civil Procedure section 1281.97, the AAA has administratively closed this case.** According to R-10(b) of the Consumer Arbitration Rules, now that the AAA declines to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

**The AAA will promptly refund any payment submitted by a party.**

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 02 2026 ★
BROOKLYN OFFICE

120 Broadway
Floor 21 – Intake
New York, NY 10271

August 21, 2026

Daryl James
140-12 243rd Street
Rosedale, NY 11422
Via Email to: Daryljames94@gmail.com

Beneficial State Bank
P.O. Box 2900
Porterville, CA 93258
Via Mail

Case Number: **01-26-0003-7428**

Daryl James
-vs-
Beneficial State Bank

Dear Parties:

The American Arbitration Association (AAA) has not received the requested administrative fees from the business requested in our letter dated July 21, 2026. **Accordingly, and pursuant to California Code of Civil Procedure section 1281.97, the AAA has administratively closed this case.** According to R-10(b) of the Consumer Arbitration Rules, now that the AAA declines to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

**The AAA will promptly refund any payment submitted by a party.**

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org

REC'D IN PRO SE OFFICE
SEP 3 '26 AM8:54

Revised 7.16.2026; Effective 7.16.2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Daryl James

**DEFENDANTS**
Beneficial State Bank

**(b)** County of Residence of First Listed Plaintiff Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daryl James, Plaintiff Pro Se
140-12 243rd Street, Rosedale, New York 11422
Telephone: (347) 223-7542 | Email: daryljamess94@gmail.com

Attorneys *(If Known)*
Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee *
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1681s-2(b)
Brief description of cause:
FCRA claim against a furnisher for unreasonable investigation after CRA notice.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 100,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE ______ DOCKET NUMBER ______

**FOR OFFICE USE ONLY**
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

* Please respond to Part F on Page 2

**PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY**

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration Yes

I, ________________________, counsel for ________________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- ☐ the complaint seeks injunctive relief, or
- ☐ the matter is otherwise ineligible for the following reason:

**PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1**

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

Not applicable - Plaintiff is a natural person.

**PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)**

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

None.

**PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)**

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you **must select Office Code 2**.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? No
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? No
   b. Do the majority of defendants reside in Nassau or Suffolk County? No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? No
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? No
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

**PART E - BAR ADMISSION**

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. No

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? No If yes, please explain:

PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No

2. Does this case require immediate attention of a judge? No

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

I certify the accuracy of all information provided above.

Signature: [signature] Date: August 28 2026

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

Daryl James

*Plaintiff(s)*

v.

Beneficial State Bank

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Beneficial State Bank
Attn: Authorized Agent for Service of Process
1438 Webster Street, Suite 100
Oakland, CA 94612

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Daryl James, Plaintiff Pro Se
140-12 243rd Street
Rosedale, New York 11422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________, a person of suitable age and discretion who resides there,
on *(date)* ____________, and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________, who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
______________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Rosedale, NY 11422

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 3831 4179 21

UNITED STATES POSTAL SERVICE

11201

FCM LG ENV
ROSEDALE, NY 11422
AUG 28, 2026

RDC 99

**$12.76**

S2324P502411-02

Clerk oFFice/ProSe oFFice
united States District Court
Eastern District oF New York
225 Cadman Plaza East
Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 02 2026 ★
BROOKLYN OFFICE

**RETURN RECEIPT REQUESTED**